In the Matter of the Claim of KENNETH HUGHES, Respondent, against MARY T. BLACK and GREAT AMERICAN INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and carrier who assert claimant was an independent contractor. The evidence sustains the finding that claimant was an employee. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of IRENE HEFFER, Respondent, against SULLIVAN DRY DOCK & REPAIR Co. and TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The decedent was employed as an iron-worker's helper. On September 28, 1939, he was the victim of an accident which caused his death four days later. At the time of the accident he had been employed by this employer for twenty-one working days at the rate of four dollars per day, plus overtime. The employer's work was seasonal and because of this the claimant presented evidence of the decedent's earnings in other employments during the year preceding the accident. The total of these earnings was $1,724.55, and that sum was used as a basis for the award here. It included the earnings paid by the employer-appellant. The amount of the earnings is not questioned. Decedent's average weekly wages were determined in accordance with subdivision 3 of section 14 of the Workmen's Compensation Law. Under subdivision 1 of section 14 only earnings are determined when the employee has worked substantially the whole year preceding his injury in the employment in which he is injured. Subdivision 2 of section 14 is used when the injured employee did not work in the employment for substantially the whole of the preceding year, and when the determination can be based upon an employee of the same class who worked in the employment for substantially the whole of the preceding year. Testimony of a full-time employee could not be secured. Subdivision 3 of section 14 is to be used when subdivisions 1 and 2 do not apply. The evidence supports the award using subdivision 3 of section 14 in determining compensation for decedent's death. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.